UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

EDWARD H. FLINT                                                                                         PLAINTIFF

v.                                                                            CIVIL ACTION NO. 3:11CV-291-S

JUDGE THOMAS B. RUSSELL                                                                     DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Edward H. Flint, filed this civil action on May 13, 2011. He sues United States Chief District Court Judge Thomas B. Russell in his individual capacity. Upon review, the court concludes that Plaintiff's claim is devoid of merit. Defendant, a federal judge, has absolute judicial immunity from suit. Accordingly, the Court will dismiss this case pursuant to its authority under *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999).

Plaintiff's complaint alleges that in October 2007, he filed an action against Target Corporation in the Jefferson County Circuit Court. Target removed the case to federal court, where it was assigned to Defendant and given case number 3:07CV-600-R. Plaintiff alleges that Defendant was biased against him in the case. Plaintiff complains that Defendant: 1) denied Plaintiff's civil rights; 2) was prejudiced against Plaintiff in his rulings; 3) did not conduct himself as a judge should; 4) violated the court of conduct rules that all judges adhere to; 5) took advantage of Plaintiff's inexperience; 6) violated court rules "to make sure he was in control of the case and therefore he would control the court's actions against Plaintiff"; and 7) otherwise oversaw the case in a manner that was designed to make sure that Target prevailed.

Plaintiff seeks money damages. He also seeks removal of Defendant from the federal bench. In the alternative, he requests that the court reporter report the jury's findings to Congress so that it can remove Defendant from the bench.

Generally, a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint. *See Apple v. Glenn*, 183 F.3d at 479. However, where a complaint is "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion," the district court need not afford the plaintiff an opportunity to amend the complaint. *Id.* (citing *Hagans v. Lavine*, 415 U.S. 528, 536 (1974)).

Judges are entitled to absolute immunity for actions arising out of all acts performed in the exercise of their judicial functions. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). "Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "Immunity applies even when the judge is accused of acting maliciously and corruptly." *Harlow v. Fitzgerald*, 457 U.S. 800, 815-19 (1982). The United States Supreme Court has made clear that immunity is overcome in only two sets of circumstances: "[f]irst, a judge is not immune from liability for non-judicial actions . . .; [s]econd, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction." *Mireless*, 502 U.S. at 12. Additionally, the only way to remove a federal judge from office is through the formal impeachment process. *Thornton-Bey v. Admin. Office of the U.S. Crts.*, No. 10 1546, 2010 U.S. Dist. LEXIS 96011, at *2 (D.D.C. Aug. 31, 2010) (citing U.S. Const. art. I, § 3, cl. 6). A judge may not be removed from office as part of a civil action. *Id.*

Plaintiff's allegations against Defendant in this case relate to actions he took as a judicial officer of the Court. Moreover, Plaintiff has not shown that Defendant acted in the absence of

jurisdiction on his case. Plaintiff's allegations that Defendant acted maliciously with the intent to harm him are not sufficient to overcome judicial immunity.

Upon review, the Court concludes that *sua sponte* dismissal under *Apple v. Glenn* is appropriate because it is "no longer open to discussion" that Plaintiff's claims are devoid of all legal merit. *See Metzenbaum v. Nugent*, 55 F. App'x 729 (6th Cir. 2003) (upholding district court's *sua sponte* dismissal of a complaint under *Apple v. Glenn* because the named defendant, a judge, was entitled to absolute judicial immunity); *Forbush v. Zaleski*, 20 F. App'x 481 (6th Cir. 2001) (same).

Accordingly, the Court will enter a separate Order of dismissal.

Date:


cc:     Plaintiff, *pro se*
        Defendant
4411.008